Let's just wait for... Okay, Ms. Neumann. I think we're good. May it please the court. I am Donna Neumann, and I represent Christian Borrero. In his appeal of his conditions of supervised release, he seeks relief from his conditions of supervised release that were imposed. The standard conditions of supervised release that were imposed in the judgment of conviction were not mentioned in his plea agreement or consequences in his plea agreement with respect to supervised release other than the term he would serve if violated. It was not mentioned what those conditions would be in his plea hearing. It was not mentioned in the sentencing hearing where the court took the time to mention mandatory conditions of supervised release and the three, four, excuse me, special conditions of supervised release that the court did include in the judgment. But at the sentencing hearing, the district court does say he's going to impose all the standard conditions, right? Your Honor, that is the problem. That is absolutely before the en banc panel in United States v. Mayorano. And there the court will decide, and I believe yesterday it was before the panel, whether or not the matter of United States v. Tricello, 168 F. 3rd, 61 2nd Circuit, 1999 should be overruled. There the court said that the defendant need not be specifically advised that the conditions of supervised release. Right. So under the precedent that we have now that we've said we might reconsider, like the district court wouldn't even have to say all standard conditions because that would be understood, right? Yes. And we But you're saying now that he said all standard conditions, that shouldn't even be enough. Exactly. So that's, of course, we rely on Mayorano and that decision will decide one of our claims, yes, but we say there needs to be more. And that's where we go a little bit further and we agree with the district court in, the D.C. district court in United States v. Matthews. And in that case, and in others, circuits have followed that, in fact, even standard conditions of supervised release, which are discretionary, likewise should be stated not only on the record, but should be given reasons. And I think what Before we get to the reasons, I guess there's the question about whether you have noticed, right? So there's one argument that if the district court says I'm going to impose all the standard conditions, that that should be understood as a reference to the conditions in the guidelines. Is that right or not? No. How is it understood from anybody? I mean, what are those standard conditions? Well, but the fact that the sentencing judge references the standard conditions. So if the objection, then there's an objection available to be made at sentencing. I'm not sure what you're referring to when you say standard conditions, right? As opposed to if nothing is said, there's no moment by which to object because you might assume that the standard conditions aren't being imposed, I guess. Which one? But if it's, if there's something referenced, the standard conditions are referenced, if there's a lack of clarity at that moment, shouldn't there be an objection in the absence of an objection? We'd be, we would consider that question as a matter of plain error. What we're talking about here is the defendant's notice. That's what the center is. And here we have somebody... Right, but in front of the defendant. I understand that. But the defendant and most defendants are not, do not, are not educated. This individual, Mr. Barrero, had ninth grade education, clearly had emotional problems. His, the background of this case is, I think, a two-week crime spree where he previously didn't have problems. He had a lot of emotional problems. It cannot be understood, and I point out to the court that even in a plea agreement with a court at the plea... I mean, I get that argument about him personally, but I guess you could also say, you know, if we had a default, the pre-existing default rule before Mayorana that, where it's just understood that the standard conditions would be applied, you know, you'd be able to object then, too, right? So, like, having to announce it must mean that you need to give some reasons. Is that your position? I think it's more... If you have to announce it at all, probably it means you have to justify, then, the conditions. My position is there has to be something said, not only what the standard conditions are so that the defendant has notice, just like... Is there some ambiguity about what the standard conditions are? I mean, I guess there are the standard conditions that are in the guidelines, but then some district courts have standing orders, right, that define standard conditions, and that might not be the same as the guidelines. Yes, but I still believe very strongly that that is not sufficient notice, just like when in a plea hearing when the court... Well, I mean, but if the district court said, I'm going to impose the standard conditions that are outlined in my standing order or in the guidelines or in the PSR or something, that would give you notice, wouldn't it? No, I do... That's where I disagree. I think it is... Having... In that I do practice in the district court, I do not think, unless you tell the client what it is, just like he needs to know about a waiver and a plea agreement, that the court specifically says, despite having said, have you signed the plea agreement, have you reviewed it, they want to be sure that this important condition is understood. The same thing, standard conditions that lead, if you violate them, lead to your penalty to further incarceration should be said directly to the defendant. And I think that's what due process requires, and I think that's what... Well, there are certain conditions, I think, that even... Well, mandatory conditions now are read, and they are mandatory. Most district courts, I can now tell you, do read the mandatory conditions. And they were in the PSR. Yes, and I don't think it takes much, because the district court in Matthews, the D.C. district court, that even seems to be commonsensical. If it's not applied to the defendant, it's not commonsensical, whether it's the amount of hours he works or whether or not he has to report who he lives with. Your position is that it's not commonsensical because you're challenging the visitation condition, which is the standard condition, right? But that's what... Exactly. Your Honor. In other words, on the surface, you can say, well, everybody knows. No, it should be told, and it doesn't take long. I can tell you from being in the district court now, they do. We've gotten to them, and they do say them, and they don't always give reasons. They've seen enough changes here to try to cover the ground. And the new guidelines, effective November 1st, certainly make those things clear. So in your view, if the standard conditions are listed in the PSR, and the sentencing court has confirmed that the defendant has reviewed the PSR, as one typically does, and then says the standard conditions, as outlined in the PSR, are imposed, does that, in your view, satisfy the oral pronouncement requirement? No. I know that that is the view of the federal defendants in May, Your Honor. I do know that. But I'm saying we are, Mr. Barrera is suggesting a further step is necessary as that followed in other circuits. And it does not take that additional time, and it does ensure that the defendant has the correct notice. Which are the other circuits? You're saying other circuits require an articulation of each condition with reasons. I don't think it takes very long. I'm not even worried about whether it takes long or not. So that's the position of which circuits? Well, I would not say in every case. I think there are certain cases. No, but what circuits require that is the question. The D.C. Circuit does require that. So they require the individual reading of each standard condition, and do they require articulated reasons for the imposition of each standard condition? Yes. And I can say that the majority of the circuits do require that the conditions now be read. Not all say that they have to be explained, although to candor. But there are circuits that agree with the District Court, the 7th Circuit, the D.C. District Court, Matthews, and the 7th Circuit. But there are other circuits that the majority now say that it has to be read, and have deviated from Trussello and the rationale there. One other very quickly that we do. And in this case, the District Court says I'm going to impose all the standard conditions, but then doesn't in fact do that, because the risk condition is not included in the judgment, right? I'm sorry, I didn't hear. The District Court says it's going to impose all the standard conditions, but then it leaves out one of the standard guidelines conditions, right? Well, if it leaves it, that's even more ambiguous. Isn't that more troubling to the defendant who's standing there and saying, okay, now what are my conditions, and what do I do now when I'm released? So I did, I will, I see my time is up, and I will address standard condition 6 on rebuttal, which is one of the other claims that U.S. v. Mayorano would not touch our argument there. Thank you. Okay, thank you very much. Ms. Newman, we'll hear from you again on rebuttal. Let's turn to the government. Ms. Vitale. Good morning, Your Honors. Good morning, Attorney Newman. May it please the Court, my name is Mary Vitale, and I will be arguing on behalf of the United States. So, Your Honor, the District Court's imposition of the standard conditions of supervised release in this case were appropriate, and they were completely in line with Second Circuit precedent as it stands today. As Your Honor even mentioned during Ms. Newman's presentation, the District Court in this case actually even went further. It made a summary reference that it was imposing the standard conditions of release, which frankly is not even required to do. This included the imposition of standard condition 6, allowing probation to exist. Mr. Barrero, which this Court has said more than any other standard condition, is the condition that is vital for monitoring the defendant's compliance with the terms of his supervision. In fact, it is inherent in the actual term of supervised release. Well, that's what we've said in the existing precedent, right? But, you know, we're going to reconsider that. And so maybe that decision is going to resolve this case, or maybe it won't. So we might have to think about whether there's distinct issues here. So, you know, maybe it's not vital. So I guess the first question is, why do we assume because he says all standard conditions that it's clear what that is? So as we were saying, there is the list of standard conditions in the guidelines. There might be a standing order from the District Court about standard conditions. There might be an enumeration in the PSR. There might just be the colloquial use of the term standard, which might mean something different. So why do we think that that would be enough to put him on notice of what conditions are being imposed? Your Honor, as this Court has said in the Trussell case, as well as a litany of other cases, United States v. Thomas, United States v. Sims, is that the standard conditions, which are spelled out in subsection C of the guidelines, are imposed in virtually every case. I mean, I agree that's what we've said. But I'm now, like, exploring a world in which that's no longer the binding precedent. So just from, you know, a common sense perspective, why should we think that he has notice of the conditions that are being imposed if the District Court just uses the phrase all the standard conditions? Because the fact remains, Your Honor, in line with our binding precedent, these conditions are virtually imposed in every case. So I guess take the hypo this way. If Majorana were to overrule Trussell, what would be the argument with respect to this case? So, Your Honor, I think that in large part depends on how, frankly, how this Court decides, Majorana. You know, for example, if Trussell is overruled, what is the new standard? Because if it's just a summary reference, which some circuits do say is enough to give notice, then that's exactly what happened here. But that's the question I'm asking. So, like, why would that be enough? So if we were to overrule Trussell, wouldn't the idea that, like, you can't just make the assumption that all the standard conditions are automatically justified and automatically going to be imposed, like, wouldn't that necessarily require some articulation of reasons? I think it, Your Honor, it may or may not, but I believe the issue for this case, for the United States v. Brer, I mean, frankly, we're not here to argue the Majorana case. That case has already been submitted. The Court, and I agree it's certainly possible, depending on how the Majorana decision comes out, that may partially affect the determination here about whether of, you know, what was required. But, Your Honor, you would still have to... Let's make it more precise. Let's say Majorana comes out and Majorana says, we overturned Trussello, and we hold that a district court must at least make some reference to standard conditions, and we reserve for another day what else it needs to do, right? So we have that case. Now we have this case, and we're going to have to decide it. So if we don't know exactly what more a district court needs to do, and we're deciding that here, why shouldn't we say that the district court is, in fact, required to do more than just sort of make a general reference to standard conditions? Because the phrase standard conditions is ambiguous, because the implication is that you need to have some reason. Why isn't that the right answer? The question to be determined in this case, Your Honor, is even if that were the cases, if we go along with Your Honor's hypothetical, is was there a plain error in this case? And I think, arguably, the defendant would still have a very difficult time showing that. He would have a difficult time showing that... That sort of begs the question, right? Like, if we thought that the phrase that all the standard conditions was not sufficient to even put him on notice of what's being imposed, then maybe he wouldn't have an obligation to object at that time, right? So maybe it shouldn't be a plain error. But even if it were a plain error, why wouldn't it be a plain error if you don't give reasons for conditions which really are ultimately discretionary? Because it's unlikely that in any event those standard conditions would not have been imposed. They're imposed in essentially every case where supervised release is imposed. In addition... Well, it's interesting that you say that, because in fact, in this case, the district court didn't impose all the standard conditions, because the risk condition was not imposed. I would actually kind of think that because he was convicted of a carjacking, the condition that's about being a risk to other people might be more relevant than some of the other standard conditions. But the district court doesn't impose it. And it does impose the visitation condition, which he has a lot of challenges to and thinks needs to be justified. So why should we assume that it should just be automatic, that everything... In fact, it was not automatic here, right? Well, Your Honor, the oral... Under Sims, the oral proclamation here is what controls. The court did say that the court was imposing all of the standard conditions. So if the district court didn't impose in the written judgment the risk condition, should we understand the oral pronouncement to control, and so therefore we should modify the judgment to impose that condition? Because that's one of the standard conditions. It wasn't in the written judgment, and the oral pronouncement controls. So should we do that? I do think that's... I agree that that is actually an interesting question. It is an interesting question. That's why I asked it. It's a very interesting question. And the reason I say that, Your Honor, is I don't believe there is, frankly, is a clear answer to that question given the Second Circuit case law as it stands. That's why I'm asking you to help me figure it out. Because typically, Your Honor, when a Sims argument is made, it's in the context of an appeal, as what we have here. So I hate to not be able to give Your Honor a satisfactory answer to that question. I would say on a practical level, in the practical sense of practicing in the district court, in a situation such as this, where arguably the written judgment has a less restrictive condition, which I think you can apply to both Special Condition 1 here as well as not including the Twelfth Standard condition, as Your Honor asked. In that circumstance, I do think it would be proper for the government, before probation feels that they can impose that condition, I think it would be proper for the government to move to amend the written judgment to conform to the oral proclamation. Conceitually, the government did not do so here. Well, it would be proper for you to do that. I don't disagree that it's proper for you to seek to do that. But that's not what happens. So we have it on appeal. The oral pronouncement is supposed to match it, but it doesn't match it in a way that's more favorable to the defendant. So you're saying maybe it's a one-way ratchet that the oral pronouncement controls unless it helps the defendant? I don't know if that's what our cases say. I guess if we're reconsidering the cases, maybe we should say that. I don't know. Is that your position? Your Honor, again, I don't I agree that I don't think the Second Circuit has spoken directly to that issue, but bringing back to the case at point one here, is that Trusiello, as it stands, and Thomas and Sims are still good law in the Second Circuit, and they do not require the oral pronouncement of every single standard condition. In fact, they don't even require a summary reference to the standard conditions, which the district court did do here. So it is clearly not plain error. I don't think even Ms. Newman disagreed that if we were applying Trusiello, there wouldn't be an error. So we're talking about a world without Trusiello. Correct, Your Honor, but again, that's not the world yet. It sounds like what you're saying is you think we should hold for Majorana and then you could do supplemental briefing or something if that impacts the decision, or are you making an argument that sort of no matter what happens in Majorana that we should affirm here? Is that the argument? I believe, Your Honor, we should affirm here because even if Trusiello is overturned, I do not think that there is still plain error. The defendant's substantial rights were not violated by not listing every single standard condition. Well, I mean, if Majorana were to hold, Trusiello is overruled and the new rule is district courts must pronounce each standard condition and provide reasons for each one, then there would be plain error here, right? I think it's possible there's plain error, Your Honor, but I also think that by giving by the district court giving a summary reference and... You're just saying we shouldn't hold that and it would be better if Majorana allowed a summary reference, but we don't know exactly what it's going to say. You didn't know you were making an in-bank argument. Yes, Your Honor. And, Your Honor, I do see that my time has expired, but just one final point, if I may respond to just one thing that Ms. Newman said, is that I do think that in terms of, and again, Trusiello is still the law of the land, but just in direct response, you know, the defendant, the standard conditions are listed in subsection C given the fact that they are imposed in virtually every case, and as far back as the plea agreement in this case, both parties were aware, and again, I remember Mr. Verrero was represented by counsel in this case, that supervised release was going to be imposed as part of the sentence, and again, it is inherent along with that position that the standard conditions are always imposed in those situations. You said virtually always, which is not the same as always. There is a distinction between something that's mandatory and standard, correct? Certainly, Your Honor. I would agree with that. Okay. Thank you, Ms. Vitale. We'll turn back to Ms. Newman on rebuttal. Thank you. Thank you. In response to the argument that the government has made, the way they are arguing standard conditions is that it is an assumption that they are mandatory. If they're always imposed, then they're mandatory. They are not. They are discretionary. Well, I don't know if that's, I mean, look, obviously we're reconsidering Trusiello, but the logic of Trusiello is because they're almost always imposed, the default rule should be an understanding they're going to be imposed, and then you should provide reasons if you're going to depart, and that's the way you would understand. It's just an articulation of supervised release. So the logic of our current precedent does not assume that they're necessarily imposed, just that they're the default rule. Yes, but Trusiello says, and we argue, that they are almost universally imposed, which means even Trusiello noted that there would be a basis not to impose them. Well, we don't know the basis because the district court, when they don't even mention them at all, other than say they are standard conditions, and there are many more standard conditions, and what are they and how do they apply, that's where I say that there is, that the court must explain and why due process comes into play. So why wouldn't it be the case that whether it's under Trusiello and it's just understood that the standard conditions will be imposed as a default, or it's under what happened here and there's just a reference to standard conditions, why wouldn't it then be an obligation of the defendant to say, well, I understand that you're going to impose the standard conditions, and I have an objection to one or the other that even though it normally would be imposed, it shouldn't be imposed here. Why shouldn't that be the way it works, that you should then have to object to any of the standard conditions because the understanding would be they're going to be imposed? One, it would, first of all, it's not realistic to say the defendant, so I think the court is basically saying counsel. Why hasn't counsel brought up that? Right. But, well, it matters because we don't know whether or not counsel discussed it. For example, we always say at the sentencing you review the PSR. Yes. When the PSR doesn't have the standard conditions, that's what counsel has now affirmed to the court that they have reviewed. That's it. Nobody's asked, have you also made reference to standard conditions? So I think that that could be missing. Okay. I get your point about the notice and whatever. But, like, let's say I think it's reasonable to understand defense counsel to be basically familiar with the guidelines and to understand what the standard conditions in the guidelines are. So if the understanding is either because under Truschello it's just the default or in what happened here there's a reference to standard conditions, why shouldn't it mean that's, the defense counsel understands the standard conditions in the guidelines are going to be imposed. They are imposed virtually in every case. But if you think there's a reason why it shouldn't be imposed here, you should raise that objection at sentencing. So then the issue then becomes really that what we're looking to ensure is that the defendant is aware of what those standard conditions are, and there is an assumption that the defense counsel, at least because the defendant, to put on the defendant is just not realistic, that the defense counsel has made that known to the defendant this could be imposed. But there's no record here that that was even asked. And there's no record that these conditions, what these likely conditions would be. And that is the problem that's here specifically and in many, many cases, and it should be. And I think with standard condition six, and I think that there is a reason to stay with that condition. It's just like it's always imposed. What does visit mean? Why can he visit him in his office, his friend's house, whatever, anywhere, anytime? If it's at the home, for example, where they say they should visit to make sure that whatever conditions are imposed are adhered to, well, then say it. Say you can visit him as at home. And if there's a reason individually as to the defendant to visit him as his office or place of employment, then say that in the standard condition. But why are there going to be a special reason? So isn't the nature of supervised release that like you're released, but you're being supervised? So doesn't that just necessarily imply there's going to be some visitation to see how you're adjusting to release? But that's much more than just adjusting. It is intrusion into your privacy. And there is an assumption to be supervised, but what's that supervision consist of? It is, first of all, supposed to be mostly rehabilitative. Also, I understand what the probation's office is. It could be a rehabilitative purpose, because the visitation condition doesn't allow you to do an extensive search. It only allows you to notice contraband in plain view. It's not like an intrusive visit. It's just to see how you're adjusting to release. But that's the point. I understand that point. The point of the matter is this is overextensive. It is so ambiguous. Where is anywhere? My point simply, say what you mean. It's the same thing, say what the conditions are. The district court's based on whatever background in that case. Here, there's no reason he's not going to be at an office, to our understanding, with his ninth grade education. That condition should not be imposed. Now, if there's reasonable suspicion. You're saying it shouldn't impose a visitation at place of employment because he's unlikely to be employed? Is that the contention? I am saying that unless there's a specific reason based on the individual. Here, Mr. Barrero, yes. I say where it is appropriate visit, that it be stated, the condition considered. And reasonable suspicion, we have that in special condition number five. That's what I'm saying. And that goes back to my overall argument of individuality. Is your argument based on something about Mr. Barrero's particular case? Or you're just saying in general, the visitation condition should not be treated as standard or automatic. It needs to be more narrowly tailored and justified in every case. Yes. I say in every single case, there should be a reason for imposing a condition. That standard conditions are not mandatory. That now the guidelines, as of November 1st, will be strongly urged the district court to give reasons and not to just willy-nilly impose them because they've imposed them elsewhere. And yes, I think that that process requires that. And oral pronouncement at sentencing is part of sentencing, particularly when you think about the consequences that occur when you violate. So if he violates, let's know about what's going to happen. I think we understand that. Okay. Thank you very much. I'm sorry. Can I just ask on the discrepancy between the oral and written judgment where the written judgment is narrower than what was pronounced orally? What is your view as to what controls and what should be done? Well, we know that oral pronouncement controls. I know when it's narrow and I know that there's case laws as if it's less restrictive. But nonetheless, and I'm back to my original policy concern about what is the defendant's understanding and what is he... So on the mental health condition, for example, that you challenge, where oral pronouncement seemed to be inpatient or outpatient treatment as approved by the court, and then the written judgment just says outpatient, you want the written judgment to conform to the oral pronouncement? No, I just want it stated. It should be remanded for a statement. I meant, you know, what is said in the judgment, and that should be clear as opposed to what was oral pronounced. You know, I think... Actually, because Ms. Vitale was saying that maybe the rule might be that there's a one-way ratchet, such that if the written judgment varies from the oral pronouncement in a way that's friendlier to the defendant, you wouldn't need to go back and change it, but you actually want it changed. What I do feel is important for defendants, based on my experience, is that they have an understanding from day one what is their obligations. So you make that argument about the mental health condition, but as came out in the other discussion, it's also true of the standard conditions. So the oral pronouncement says all the standard conditions, and the written judgment only applies 12 out of 13. So does that mean we should also add the risk condition, or we should remand it for the district court to impose it to conform to the oral pronouncement? Well, what we're missing here is the reason. Yes, you have this argument that every one of them should be justified by reasons. But if I'm just focusing on the discrepancy between, say, all the standard conditions and the judgment that doesn't impose all of them, would you want all of them to be opposed? No, I don't want all of them. I just want an understanding from the court. So what should we do with that circumstance where the oral pronouncement says all the standard conditions, the written judgment imposes less than all? In the case here, I would ask that it be remanded so the court could explain it. It might be a sentence or two just so they'd be called to explain. That's what we have, but I'm sorry, explain what? Why, when they said all, they meant 12, for example, here, all 12 conditions that I am imposing in the judgment, as opposed to all that. And what was all understood? That goes back to what was, if it said all, what was understood by the defendant as all, having no notice of what exactly the conditions or whatever condition could be imposed? And so what was the all wasn't explained, and then why less than all was imposed? And that is my position. I think it's an important policy for the defendant to know what his supervised release is and that it's difficult for him to go back. These people are not, you know, unless they violate, they don't get another, you know, CJA attorney or federal defendant, so it's important from day one that they understand. That is my position. Thank you.